## Martin Heckard v. Andrew F. Fay.

1. PARTNERSHIP—*Services of Partners.*—A member of a partnership can not, in the absence of a special agreement, recover for personal services rendered by him to the firm, in excess of such service rendered by other members.

**Memorandum.**—In equity. Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding; settlement of partnership accounts. Heard in this court at the November term, 1894. Decree affirmed. Opinion filed February 11, 1895.

W. A. PERKINS, attorney for appellant.

CUNNINGHAM & BOGGS and S. F. WHITE, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee filed a bill in chancery against the appellant for the purpose of obtaining a settlement of a partnership theretofore existing between the parties who were engaged for a number of years in the business of manufacturing and selling brick and tile, under the name and style of the Tolono Brick & Tile Company. Answer and cross-bill were filed, as was an answer to the cross-bill. The cause was referred to the master to take and state the partnership account.

His report showed there was a balance due the complainant of $738.72, and the court after overruling exceptions to the report entered a decree accordingly and dismissed the cross-bill. The appellant has brought the record to this court and has assigned various errors. One point which he urges with considerable force is that he should have an allowance for personal services rendered by him to the firm in excess of such service rendered by the appellee.

There was no contract by which he was to be paid for such service, and though he did receive some allowance on

the books of the firm by consent for extra work on some special occasions, such as repairing a shed which had broken down, and running an engine at night, yet these circumstances do not show an agreement that he should receive the allowance here claimed. The appellee was to furnish a hand, which the evidence tends to show he did, and in addition he kept the books for several years. It is insisted that appellee specially agreed to allow him $500 for collecting the accounts, but as appellee testified and as we think is clearly shown by his letter, upon which appellant relies, there was merely a proposition to make such an allowance for the purpose of obtaining a settlement. Appellant would not accept the proposition, however, and can not now ask for the allowance.

We are satisfied the claim set up by appellant for extra compensation was properly rejected.

It is urged by appellant that an item of $1,126, which appeared upon the company's books as received for the sale of tile was incorrect, and that it should not have been so entered.

This entry was made by the appellant himself while he was keeping the books.

He says that it was really for digging by one Skinner, who received the money, and that the company had nothing to do with it. Skinner was not called to corroborate the appellant, and according to the evidence of the appellee it seems quite probable the entry as made is correct.

The statement made by appellant is not clear. He does not very satisfactorily explain his position in regard to the item, and what he says has somewhat the appearance of an afterthought, or perhaps merely a confused recollection of the transaction.

The appellee says if the entry was wrong then the company did not receive pay for the tile sold by that amount, and that the condition of the cash account in the bank (where the company funds were kept) at that time shows the entry was right. Appellant does not by direct statement or otherwise demonstrate that the appellee's position

is erroneous, but the matter stands as it is left by these conflicting statements.

We are not favored with the books or copies of the entries therein, upon an inspection of which, and especially the bank accounts, much would depend.

It is apparent, therefore, that we have no sufficient grounds upon which to interfere with the finding of the master (who did inspect the books) as to this item.

Appellant insists that another item of $220 is improperly charged against him. This also involves a contradiction of an entry made by himself, and here again we are deprived of the light which would probably be thrown upon the transaction if the books or copies of them were subject to our inspection. The fact seems to be that while the appellant charged himself in the cash book with $500, which he says is too much by $220, he did not enter the item in the ledger. He asserts that he procured a draft from the bank for $500, which he charged to himself in the cash book, but that only $280 of it came out of the company's funds and the balance came from his own.

It is, however, argued by appellee that whether the appellant is right or wrong about this he received credit for it in the statement as made by the master, and we are furnished with no argument by the appellant in reply to show that appellee's position, which is certainly very plausible, is incorrect.

It is also argued by appellant that the appellee, by a letter which has already been referred to, admitted charges against himself amounting to $91.59 in excess of the charges made in the master's report. The calculation referred to was upon the assumption that certain assets of the firm, consisting of bills receivable then in the hands of appellee, were all good, but which he was willing to take only as a matter of amicable adjustment, and it does not appear that the master has failed to charge him with anything which was in fact collectible.

We have carefully examined all that has been presented on either side in the way of abstracts and briefs, making

also frequent reference to the record, and in view of the conflicting evidence, and in the absence of the firm books and their bank books, which were accessible to the master but which have not been incorporated in the record, we are inclined to think the decree is correct; certainly we can not say it is incorrect.    It will therefore be affirmed.